UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Gail Greene,
    Plaintiff,
vs.

Civil Action No. 1:07-cv-982
(Barrett, J.; Hogan, M.J.)

Commissioner of Social
Security,
    Defendant.

## REPORT AND RECOMMENDATION

This matter is before the Court on plaintiff's motion for attorney fees under the Social Security Act, 42 U.S.C. §406(b)(1)(A). (Doc. 15). The Government has indicated that it does not object to plaintiff's motion. (Doc. 16).

Plaintiff is seeking an award of attorney fees in the amount of $4724.50 for work done before this Court as provided for under the Act. *See Horenstein v. Secretary of Health & Human Servs.*, 35 F.3d 261, 262 (6th Cir. 1994) (*en banc*). Pursuant to 42 U.S.C.§ 406(b)(1)(A), a court may award a prevailing claimant's attorney a reasonable fee not in excess of 25 percent of past-due benefits recovered by the claimant for work done in a judicial proceeding:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment. . . .

42 U.S.C. § 406(b)(1)(A). *See Horenstein*, 35 F.3d at 262 (court may award fees only for work performed before the court, and not before the Social Security Administration). Fees are awarded from past due benefits withheld from the claimant

1

by the Commissioner and may not exceed 25 percent of the total past-due benefits. *Gisbrecht v. Barnhart*, 535 U.S. 789, 792 (2002). In determining the reasonableness of fees under section 406(b), the starting point is the contingent-fee agreement between the claimant and counsel. *Id.* at 807. "Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of past-due benefits." *Id.* The Court should also consider factors such as the character of the representation and the results achieved. *Id.* at 808. *See also Rodriquez v. Bowen*, 865 F.2d 739, 746 (6th Cir. 1989)(en banc). The Court should consider whether deductions are appropriate for improper conduct or ineffectiveness of counsel, and where counsel would "otherwise enjoy a windfall because of either an inordinately large benefit award or from minimal effort expended." *Rodriquez*, 865 F.2d at 746. Also relevant to the reasonableness issue are the hours expended by counsel before the District Court. *Gisbrecht*, 535 U.S. at 808.

In determining whether counsel would "enjoy a windfall because of either an inordinately large benefit award or from minimal effort expended," *Hayes v. Secretary of Health & Human Servs.*, 923 F.2d 418, 422 (6th Cir. 1990), quoting *Rodriquez*, 865 F.2d at 746, the Court notes that "a windfall can never occur when, in a case where a contingent fee contract exists, the hypothetical hourly rate determined by dividing the number of hours worked for the claimant into the amount of the fee permitted under the contract is less than twice the standard rate for such work in the relevant market." *Hayes*, 923 F.2d at 422. As the Sixth Circuit explained:

> [A] multiplier of 2 is appropriate as a floor in light of indications that social security attorneys are successful in approximately 50% of the cases they file in the courts. Without a multiplier, a strict hourly rate limitation would insure that social security attorneys would not, averaged over many cases, be compensated adequately. A calculation of a hypothetical hourly rate that is twice the standard rate is a starting point for conducting the *Rodriquez* analysis. It provides a floor, below which a district court has no basis for questioning, under the second part of *Rodriquez's* windfall rule for "minimal effort expended," the reasonableness of the fee.

*Hayes*, 923 F.2d at 422.

In the instant case, the District Judge adopted the Report and Recommendation of the undersigned Magistrate Judge that this case be reversed and remanded for an award of benefits for a closed period pursuant to Sentence Four of 42 U.S.C. § 405(g)

2

and for further proceedings. (Doc. 12). Counsel and plaintiff executed a contingency fee agreement for 25 percent of past due benefits. (Doc. 15, p. 5, attached). In support of the request, counsel states that there were 20.0 hours of attorney time expended on this case before the District Court. (Id., p. 4). Counsel represents that he regularly charges $350.00 per hour. If two times that rate were applied to the hours expended before the Court in the instant case, counsel would be entitled to a fee of $7000.00 A hypothetical hourly rate that is less than twice the standard rate is per se reasonable. *Hayes*, 923 F.2d at 422. Given that counsel seeks a fee which is significantly less than the floor amount calculated at twice counsel's hourly rate, the Court concludes that the award of fees sought is reasonable and does not constitute a windfall. *Gisbrecht*, 535 U.S. at 807.

For the foregoing reasons, the Court RECOMMENDS that counsel's motion for attorney's fees be GRANTED.

Timothy S. Hogan
United States Magistrate Judge

3

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

Gail Greene,
    Plaintiff

Case No. 1:07cv0982

vs.

Commissioner of Social Security,
    Defendant

(Barrett, J.; Hogan, M.J.)

## NOTICE TO THE PARTIES REGARDING THE FILING OF OBJECTIONS TO THIS R&R

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).